UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ULADZISALAU PETRASHKEVICH,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No. 5:26-cv-04223-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 218-049-209**

Uladzisalau Petrashkevich ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The Court has considered the Petition, Respondents' Answer, and Petitioner's Reply. Dkt. Nos. 8, 11.

## I. Background

The Court incorporates by reference, the factual allegations in the Petition. Dkt. No. 1.

## II. Discussion

The Petition raises three claims: (1) Petitioner's arrest lacked statutory authority under 8 U.S.C. § 1226 and 8 C.F.R. § 1236.1; (2) Petitioner's warrantless arrest violated 8 U.S.C. § 1357(a)(2); and (3) Petitioner's detention without notice or meaningful opportunity violated due process. Petitioner seeks release, or alternatively, a bond hearing.

### A. 8 U.S.C. § 1357(a)(2)

"As a general rule, it is not a crime for a removable alien to remain present in the United States. . . . When an alien is suspected of being removable, a federal official issues an administrative document called a 'Notice to Appear'", which does not authorize an arrest, but provides information about the proceedings. *Arizona v. United States*, 567 U.S. 387, 407 (2012). "The federal statutory structure instructs when it is appropriate to arrest an alien during the removal process." *Id.* The Immigration and Nationality Act ("INA") provides, "*[o]n a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added).

"If no federal warrant has been issued, [federal immigration] officers have more limited authority" to arrest noncitizens under 8 U.S.C. § 1357(a). *Arizona*, 567 U.S. at 408. An immigration officer may arrest a noncitizen without a warrant if the officer "has reason to believe that the alien . . . is in the United States in violation of . . . law or regulation *and is likely to escape before a warrant can be obtained for his arrest* . . . ." 8 U.S.C. § 1357(a)(2) (emphasis added); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.").

Petitioner alleges in pertinent part that he entered the United States on February 4, 2020, on a B-2 visitor visa that expired on August 2, 2020. Petition at 8. On August 3, 2020, he applied for asylum, and that application is still pending. Thereafter, Petitioner was issued a valid employment authorization document, resided in the United States, and was employed as a veterinary assistant from 2021 until his current detention. Respondents do not identify any criminal history for Petitioner; no convictions, and no arrests.

On July 27, 2026, Petitioner was at Los Angeles International Airport because he was traveling to take his veterinary licensing examination. After clearing TSA security, and while waiting at his departure gate, he was approached by an individual in plain clothes who did not identify himself but informed Petitioner there was something wrong with the scanner on his luggage. The individual asked Petitioner to follow him to re-scan his luggage. Petitioner followed the individual and was led to a private room which contained Immigration and Customs Enforcement ("ICE") officers who then detained him. The officers informed Petitioner that he was detained pursuant to a warrant for his arrest because he overstayed his visa and was "illegal" and a "violent criminal". When Petitioner asked to see the warrant, an agent displayed a poor-quality image on a personal cell phone containing Petitioner's photograph and an illegible signature. *Id.* at 9. Petitioner alleges he was never shown, nor has been provided, a legible copy of any warrant.

Consequently, Petitioner argues that his arrest was executed without a warrant and therefore violated the exception set forth in 8 U.S.C. § 1357(a)(2) that authorizes warrantless arrests when an immigration officer has reason to believe a noncitizen is violating the law *and* "and is likely to escape before a warrant can be obtained". 8 U.S.C. § 1357(a)(2) (emphasis added). Petitioner

argues there are no facts to support a reasonable belief that Petitioner was likely to escape before a warrant could be obtained.

Respondents agree that Petitioner is detained under 8 U.S.C. § 1226(a) but do not address Petitioner's argument under 8 U.S.C. § 1357(a). Dkt. No. 8 at 3. Respondents do not dispute Petitioner's allegation that he was not served with a proper warrant, and Respondents did not include a copy of a warrant in the exhibits attached to the Answer. Respondents argue that Petitioner lacks any liberty interest to support his due process claim because this is the first time he has been detained by immigration authorities. However, as Petitioner correctly points out in the reply, Respondents' Answer ignores the statutory claims raised in the Petition. Dkt. No. 11 at 2.

Respondents attached the following exhibits to their Answer. Petitioner's Form I-213 file, Petitioner's Notice to Appear dated July 27, 2026, a custody log, a printout of Petitioner's automated case information on the Executive Office for Immigration Review ("EOIR") website, and a notice of Petitioner's custody redetermination hearing set for August 13, 2026. *See* Dkt. Nos. 8-1–8-5. The Form I-213 file recounts Petitioner's arrest by ICE on July 27, 2026, and states that ICE agents advised Petitioner there was a warrant for his arrest, though it does not state that the agents showed the warrant to Petitioner. Dkt. No. 8-1 at 3. As stated earlier, Respondents did not provide a copy of the warrant with their Answer. Based on the above, the Court finds that Respondents have not sufficiently rebutted Petitioner's claim that he was arrested without a valid warrant.

Further, Respondents do not make a showing that Petitioner was likely to escape before a warrant could be obtained, and there is no basis on this record for the Court to infer likelihood of escape before a warrant could be obtained. Petitioner has resided and worked consistently at the same business in the United States since 2021, while his asylum claim is pending.

Petitioner was traveling to take his veterinary licensing examination. These facts support the inference that Petitioner was not fleeing from immigration authorities but was planning to return to his residence and workplace after his examination. Respondents do not dispute this or explain how Petitioner was a flight risk or likely to escape before a warrant could be obtained.

Finally, the absence of opposition to Petitioner's 8 U.S.C. § 1357(a)(2) claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on this record, the Court concludes that Petitioner is entitled to relief based on his claim under 8 U.S.C. § 1357(a)(2) and orders release, as other courts in this district have done. *See Rivera* v. *Mullin, et al.*, No. 5:26-cv-04197-KES, 2026 WL 2276935 at *3 (C.D. Cal. Aug. 6, 2026); *Yanez v. Johnson, et al.*, No. 5:26-cv-03518-SRM-ACCV, 2026 WL 2121260 at *2 (C.D. Cal. July 16, 2026). Because the Court finds that relief is warranted on this ground, it declines to address Petitioner's remaining claims.

## III. Conclusion

The Court grants the Petition based on Count Two and dismisses the remaining counts without prejudice. The prayer for relief seeks an order enjoining Respondents "from re-arresting Petitioner on the basis of the conduct alleged herein absent a validly issued and served warrant or Notice to Appear consistent with 8 U.S.C. § 1226 and 8 C.F.R. § 1236.1(b), or an individualized escape-risk determination consistent with 8 U.S.C. §

1357(a)(2).” Petition at 17. However, the Petition fails to provide a factual or legal basis for such prospective relief at this time.

## IV. Order

For the foregoing reasons, the Petition is GRANTED as to Count Two, and the remaining counts are dismissed without prejudice.

Petitioner Uladzisalau Petrashkevich (A# 218-049-209) is ordered released, within 24 hours of this Order.

At the time of release, **Respondents are ordered** to return to Petitioner all of Petitioner’s personal belongings that were seized from him, including his Employment Authorization Document and California REAL ID.

**Respondents are further ordered** to file, within three days of Petitioner’s release, a status report (1) confirming Petitioner’s release, and (2) confirming the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: August 12, 2026

Patricia Donahue
United States Magistrate Judge